IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF NEBRASKA

| | | |
|---|---|---|
| BEN C. BROWN, | ) | |
| | ) | |
| Plaintiff, | ) | 8:07CV5017 |
| | ) | |
| vs. | ) | ORDER |
| | ) | |
| TA OPERATING LLC, d/b/a TRAVEL CENTERS OF AMERICA, and DAVID L. BERRY, | ) ) ) | |
| | ) | |
| Defendants. | ) | |

This matter is before the court on the defendants' Motion to Strike (Filing No. 7). Under Federal Rule of Civil Procedure Rule 12(f), the defendants seek to have stricken the words "a high rate of speed" from paragraph 8, paragraphs 10 C. and E, paragraph 13, and paragraph 19 of plaintiff's Complaint (Filing No. 1). The plaintiff did not file an opposition to the motion.

## BACKGROUND

This case arises out a motor vehicle collision that occurred in the parking lot of TravelCenters of America in Keith County, Nebraska. **See** Filing No. 1. The plaintiff alleges he sustained serious personal injuries as a result of the omissions and commission of the defendants. *Id.* The plaintiff alleges he has sustained emotional damages, damages for medical expenses incurred to date, as well as damages for lost earnings. *Id*. The plaintiff also alleges he will suffer loss of future earning capacity and future medical expenses. *Id*.

## ANALYSIS

Pursuant to Fed. R. Civ. P. 12(f), "the court may order stricken from any pleading any insufficient defense or any redundant, immaterial, impertinent, or scandalous matter." **See** Fed. R. Civ. P. 12(f). However, motions to strike are disfavored because they serve potentially only to delay proceedings. ***Stanbury Law Firm v. I.R.S.***, 221 F.3d 1059, 1063

(8th Cir. 2000); **Lunsford v. United States**, 570 F.2d 221, 229 (8th Cir. 1977). A court possesses liberal discretion when ruling on motions to strike under Rule 12(f). **Stanbury**, 221 F.3d at 1063. Furthermore, "[t]he standard of materiality in a Motion to Strike pursuant to Fed. R. Civ. P. 12(f) is a loose one: [the movant] must show that the challenged allegations can have no possible bearing upon the subject matter of the litigation." **Sadler v. Benson Motors Corp.**, 1997 WL 266735 (E.D. La. 1997) (citations omitted). "A motion to strike will usually be denied unless the allegations have no possible relation to the controversy and may prejudice one of the parties." **Miller v. Pfizer, Inc.**, 1999 WL 1063046, *3 (D. Kan. 1999) (**citing Nwakpuda v. Falley's, Inc.**, 14 F. Supp. 2d 1213, 1215 (D. Kan. 1998)).

The defendants argue the words "high rate of speed" in paragraph 8 of the Complaint is immaterial, impertinent, and scandalous. **See** Filing No. 7. The defendants also contend paragraph 10 C. and E. of the Complaint are repetitive and redundant to other allegations in paragraph 10 of the Complaint. *Id*. Additionally, the defendants move to strike paragraph 15 as it is redundant to paragraph 14 of the Complaint and to strike paragraph 19 as it is redundant to paragraphs 14, 17, and 18 of the Complaint. *Id*. The court finds the defendants have failed to show how striking the above referenced matters have no relation to the present controversy or that the plaintiff will not suffer undue prejudice by the exclusion of these matters. Upon consideration,

**IT IS ORDERED:**

The defendant's Motion to Strike (Filing No. 7) is denied.
DATED this 11th day of September, 2007.

BY THE COURT:

s/ Thomas D. Thalken
United States Magistrate Judge