IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF NEBRASKA

| | | |
|---|---|---|
| BEN C. BROWN, | ) | |
| | ) | |
| Plaintiff, | ) | 8:07CV5017 |
| | ) | |
| vs. | ) | ORDER |
| | ) | |
| TA OPERATING LLC, d/b/a TRAVEL CENTERS OF AMERICA, and DAVID L. BERRY, | ) ) ) | |
| | ) | |
| Defendants. | ) | |

    This matter is before the court on the defendants' Notice of Request For Trial In Lincoln, Nebraska (Filing No. 8). The defendants filed an affidavit in support of the notice. **See** Filing No. 9. The plaintiff did not file any response to the notice. The plaintiff demanded a trial by jury and requested assignment of the case to North Platte. **See** Filing No. 1. However, the defendants contend holding trial in Lincoln, Nebraska would be more convenient than holding trial in North Platte, because it is anticipated the defendants will be required to retain experts and witnesses related to the plaintiff's complaint (Filing No. 1). These experts and witnesses will be required to testify at trial. As such, these experts and witnesses will be required to fly into Lincoln or Omaha, Nebraska and then drive to North Platte. **See** Filing No. 9 p. 3. The defendant also contends because the plaintiff is a resident of Elmo, Texas, he would require the same travel arrangements as the defendants' witnesses and experts. Accordingly, the plaintiff contends Lincoln is a more convenient forum for witnesses.

    The relevant local rule, NECivR 40.1(b) provides:

> The plaintiff at the time of filing a complaint in a civil action or the removing party at the time of filing a petition for removal shall make written request for trial of the case at Omaha, Lincoln, or North Platte. Each defendant or third-party defendant at the time of filing that defendant's first pleading in a civil action, or the plaintiff in a removed action within ten (10) days after service of the notice of removal, may file a written Nebraska Civil Rules request for trial at Omaha, Lincoln, or

> North Platte. If the request is for a place different from that requested by the plaintiff, third-party plaintiff, or removing party, it must be accompanied by a supporting affidavit.

In deciding the place of trial "the judge shall give consideration to the convenience of litigants, witnesses and counsel." NECivR 40.1(b)(2). Such consideration involves weighing the interests similar to that performed by a court in consideration of a motion for change of venue pursuant to 28 U.S.C. § 1404(a), which provides for transfers from one district to another or from one division within a district to another. **See** 28 U.S.C. § 1404(a). Section 1404(a) provides that the convenience of the parties and of witnesses, as well as the interest of justice, must be considered in transferring a case to another district. ***Id.*** Under section 1404(a), the convenience of litigants and witnesses are generally considered to be the most critical factors, while the convenience of counsel, though a factor to be considered, is seldom of controlling weight. ***Standard Office Sys. v. Ricoh Corp.***, 742 F. Supp. 534, 537 (W.D. Ark. 1990). The court's local rules contain no provision similar to the provision contained in section 1404(a) regarding consideration of the "interest of justice." **Compare** 28 U.S.C. § 1404(a) (requiring courts to consider convenience of witnesses and parties along with the "interest of justice"), **with** NECivR 40.1(b)(2) (instructing judges to consider the convenience of the parties, witnesses, and counsel).

The party seeking to change the place of trial within this district bears the burden of establishing that the transfer should be granted. **See** NECivR 40.1(b); **compare *Terra Int'l, Inc. v. Mississippi Chem. Corp.***, 119 F.3d 688, 695 (8th Cir. 1997) (movant bears burden under section 1404(a)). The plaintiff's choice of forum is given great weight and should not be disturbed unless the movant makes a clear showing that the balance of interests weighs in favor of the movant. ***BASF Corp. v. Symington***, 50 F.3d 555, 557 (8th Cir. 1994); ***General Comm. of Adjustment v. Burlington N. R.R.***, 895 F. Supp. 249, 252 (E.D. Mo. 1995). A transfer should not be granted if the effect is to merely shift the inconvenience from one party to the other. ***Nelson* v. Bekins Van Lines Co.**, 747 F. Supp. 532, 535 (1991) (**citing *Van Dusen v. Barrack***, 376 U.S. 612, 646 (1964)); ***General Comm.***, 895 F. Supp. at 252; **see also *Ferens v. John Deere Co.***, 494 U.S. 516, 522-23 (1990).

Under the circumstances of this case, the defendants have not made a clear showing the balance of interests weighs in their favor. A transfer of this case to Lincoln merely shifts the inconvenience from one party to another. Upon consideration,

**IT IS ORDERED:**

The defendants' request to change of the place of trial (Filing No. 8) is denied without prejudice.

DATED this 11th day of September, 2007.

BY THE COURT:

s/ Thomas D. Thalken
United States Magistrate Judge